EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CARTIER INTERNATIONAL, N.V.,
CARTIER CREATION STUDIOS, S.A., and
CARTIER, a division of RICHEMONT NORTH
AMERICA, INC.,

                       Plaintiffs,                  Civil Action No.

                                                        09-CV-1265 (WHP)

         v.

ILS HOLDINGS, LLC d/b/a SWISS
WATCH INTERNATIONAL d/b/a
WORLDOFWATCHES.COM, SWISS
WATCH INTERNATIONAL, INC. d/b/a
SWI GROUP, LIOR BEN-SHMUEL
and JOHN DOES 1-20,

                       Defendants.

------------------------------------------------------------x

**FINAL JUDGMENT ON CONSENT**

      Plaintiffs, Cartier International, AG (formerly known as "Cartier International, N.V."), Cartier Creation Studios, S.A., and Cartier, a division of Richemont North America, Inc. (hereinafter "Plaintiffs"), having filed a Second Amended Complaint against Defendants, ILS Holdings, LLC d/b/a Swiss Watch International d/b/a Worldofwatches.com, Swiss Watch International, Inc. d/b/a SWI Group, Lior Ben-Shmuel and John Does 1-20 (hereinafter "Defendants"), asserting claims for trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a), and common law, and design patent infringement under the U.S. Patent Act, 35 U.S.C. § 271(a); Defendants having filed an Answer and Counterclaims denying Plaintiffs' claims and seeking a declaratory judgment of invalidity and/or non-infringement of certain design patents; and the parties, having agreed upon a resolution of this matter prior to a trial on the merits without any admission of liability, and having entered into a Settlement Agreement for that

purpose; and such Settlement Agreement providing for, *inter alia*, the entry of a Final Judgment on Consent; and for good cause shown;

IT IS ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. For many years, Plaintiffs have offered a distinctive line of watches under the name "Santos de Cartier" (hereinafter "SANTOS Watches"). The watches in that line bear designs protected by certain design patents and trade dress. Plaintiffs' SANTOS Watches feature a distinctive and unique combination of elements that collectively create a particular trade dress (hereinafter "SANTOS Trade Dress"). The SANTOS Trade Dress consists of a combination of design elements. The combination of all or almost all such elements together give the SANTOS Watches a distinctive overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the SANTOS Trade Dress:

  (a) The watch face is square with rounded corners and surrounded by a square-shaped, unitary frame or bezel, having rounded corners, and featuring eight screw heads set around the bezel at 1, 2, 4, 5, 7, 8, 10 and 11 o'clock.

  (b) The watch case around the bezel is a unitary square piece with extensions at the upper and lower ends extending past the horizontal portion thereof and narrowing in width and ending in a rounded end framing the end links in the bracelet chain or the end of the watch strap, as the case may be.

  (c) The winding crown is a faceted octagon set with either a flat, faceted stone or a rounded cabochon surrounded by two triangular shaped protectors above and below it.

(d) The watch face features Art Deco-style Roman numerals. Each numeral inclines to conform to the angle-direction of the watch hands at such time as the hands are juxtaposed to that numeral.

(e) The watch face has a "chemin-de-fer" (railroad) chapter ring or minute guide located proximate to the numerals, with every fifth minute indication being thicker and bolder.

(f) On watches having a metal bracelet chain, the bracelet consists of connecting rectangular plates, the width thereof extends across the entire width of the bracelet and the plates have screw heads decorating both ends of each plate.

The SANTOS Trade Dress is further exemplified by the following pictures:



3.  The SANTOS Trade Dress has been widely promoted by Plaintiffs in the United States and throughout the World and has achieved significant sales success. Through extensive use, advertising, promotion and sales, the SANTOS Trade Dress has acquired secondary meaning and has come to serve as a strong source indicator. Moreover, Plaintiffs have become known to the public and the trade as the sole source and origin of watches bearing the SANTOS Trade Dress. The SANTOS Trade Dress serves as a valid trademark, has never been abandoned and is not functional in any manner.

4.  Plaintiff, Cartier Creation Studios, S.A. ("Cartier Creation"), owns U.S. Design Patent Nos. D508,421 and D577,612 (hereinafter collectively the "SANTOS Design Patents") covering the ornamental designs for various aspects of Plaintiffs' SANTOS Watches. The SANTOS Design Patents are valid, subsisting and in full force and effect.

5.  Subsequent to Plaintiffs' adoption of the SANTOS Trade Dress and invention of the ornamental designs embodied in the SANTOS Design Patents, Defendants, without authorization from Plaintiffs, commenced the importation, distribution, advertising and sale of a line of watches under the name "Swiss Legend," namely, Swiss Legend model nos. 40067 and 40044 (collectively"'067 and '044 Swiss Legend Watches"), allegedly bearing copies of the SANTOS Trade Dress and the ornamental designs embodied by the SANTOS Design Patents.

6.  Defendants, their officers, agents, servants, affiliates, employees, subsidiaries, successors and assigns, and representatives thereof, and all other persons, firms or companies in active concert or participation with them shall be and are hereby permanently enjoined and restrained from:

    (a) using in any manner the SANTOS Trade Dress, any colorable imitations thereof or any trade dress confusingly similar thereto, alone or in combination with any words or designs, in connection with the

        importation, manufacture, distribution, advertising, promotion, offering for sale or sale of any goods not manufactured, sponsored or authorized by Plaintiffs, including, without limitation, the '067 and '044 Swiss Legend Watches;

(b) knowingly passing off, inducing or enabling others to sell or pass off any goods not manufactured, sponsored or authorized by Plaintiffs as genuine Cartier products;

(c) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade with respect to the SANTOS Trade Dress;

(d) doing any act or thing calculated or likely to cause members of the public or trade to mistakenly believe that Defendants are authorized by Cartier to sell Cartier products; and

(e) importing, using, manufacturing, advertising, promoting, offering for sale, purchasing, distributing and/or selling any goods which infringe, directly or indirectly, the SANTOS Design Patents; and/or inducing others to engage in any act constituting infringement of the SANTOS Design Patents.

7. All counterclaims are dismissed with prejudice.

IT IS SO ORDERED:

Dated: July 7, 2010

                                                U.S.D.J.

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment on Consent in the form annexed hereto or in such other form as the Court may approve.

CARTIER INTERNATIONAL, AG
(formerly Cartier International, N.V.)

Dated: ~~March~~ May 11, 2010

By: _____
Name: Frederick Mostert, Director
Title: Albert Kaufman, Director

CARTIER CREATIONS STUDIOS, S.A.

Dated: March __, 2010

By: _____
Name:
Title:

CARTIER, a division of RICHEMONT NORTH AMERICA, INC.

Dated: ~~March~~ May 12th, 2010

By: _____
Name: Daniel Mawicke
Title: President and CEO

ILS HOLDINGS, LLC d/b/a SWISS WATCH INTERNATIONAL d/b/a WORLDOFWATCHES.COM

Dated: ~~March~~ April 26, 2010

By: _____
Name: Lior Ben-Shmuel
Title: President

SWISS WATCH INTERNATIONAL, INC. d/b/a SWI GROUP

Dated: ~~March~~ April 26, 2010

By: _____
Name: Lior Ben-Shmuel
Title: President

6

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment on Consent in the form annexed hereto or in such other form as the Court may approve.

Dated: ~~March~~ May 11, 2010

CARTIER INTERNATIONAL, AG
(formerly Cartier International, N.V.)

By: _____
Name:
Title: Frederick Mostert, Director
       Albert Kaufman, Director

Dated: ~~March~~ May 21, 2010

CARTIER CREATIONS STUDIOS, S.A.

By: _____
Name: Stacey Hallerman
Title: VP - Senior IP Counsel

Dated: ~~March~~ May 12th, 2010

CARTIER, a division of RICHEMONT NORTH AMERICA, INC.

By: _____
Name: Daniel Mawicke
Title: President and CEO

Dated: ~~March~~ April 26, 2010

ILS HOLDINGS, LLC d/b/a SWISS WATCH INTERNATIONAL d/b/a WORLDOFWATCHES.COM

By: _____
Name: Lior Ben-Shmuel
Title: President

Dated: ~~March~~ April 26, 2010

SWISS WATCH INTERNATIONAL, INC. d/b/a SWI GROUP

By: _____
Name: Lior Ben-Shmuel
Title: President

6

Dated: ~~March~~ April 26, 2010

LIOR BEN-SHMUEL

By: /s/

Approved as to form:

Robert M. Wasnofski Jr. (RW 6856)
**DORSEY & WHITNEY LLP**
250 Park Avenue
New York, New York 10177

Attorneys for Plaintiffs,
CARTIER INTERNATIONAL, AG
(formerly Cartier International, N.V.),
CARTIER CREATION STUDIOS, S.A.,
and CARTIER, a division of RICHEMONT
NORTH AMERICA, INC.,

Dated: ~~March~~ May 26, 2010

By: /s/ Robert M. Wasnofski, Jr.
Robert M. Wasnofski, Jr. (RW 6856)

Amaury Cruz (AC    )
**AMAURY CRUZ & ASSOCIATES**
1560 Lenox Ave., Suite 207
Miami Beach, FL 33139

Attorneys for Defendants,
ILS HOLDINGS, LLC d/b/a SWISS
WATCH INTERNATIONAL d/b/a
WORLDOFWATCHES.COM, SWISS
WATCH INTERNATIONAL, INC. d/b/a
SWI GROUP, and LIOR BEN-SHMUEL

Dated: ~~March~~ April 26, 2010

By: /s/ Amaury Cruz
Amaury Cruz (AC    )

4849-4941-0565\5

7